The document below is hereby signed.

Signed: March 15, 2019

_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JASON COREY ZYK, | ) | Case No. 18-00430 |
| | ) | (Chapter 13) |
| Debtor. | ) | |

<u>MEMORANDUM DECISION AND ORDER RE OBJECTION TO HELLER CLAIM</u>

James and Debbie Heller filed a claim, which they assert is secured by a judgment lien against the debtor's personal residence. The debtor has filed an objection (Dkt. No. 44) to the Hellers' claim, asserting that the claim must be treated as an unsecured claim. The Hellers recognize that the debtor, who has exempted the property, might attempt to avoid their lien by invoking 11 U.S.C. § 522(f)(1)(A), which provides for avoidance of a judicial lien when certain conditions are met. The Hellers, however, argue that their lien is not avoidable under § 522(f)(1)(A).

I

In 2015, the Hellers recovered a judgment against the debtor in the Superior Court of the District of Columbia (Case No. 2014 CA 003013 B). On August 12, 2018, the Hellers filed a proof of

claim in this bankruptcy case, asserting that the judgment was a secured claim, and offering as evidence the "Judgment and Lien attached" to their proof of claim. Claim 2-1, at 2.[1] The debtor objects to the Hellers' characterization of the claim as secured, arguing that "[t]he judgment, by itself, does not result in a lien against the Debtor's principal residence" and that "[t]he Heller Claim fails to assert any basis for a security interest against property of the Debtor."

Contrary to the debtor's assertion, the Hellers' proof of claim attached the judgment, with a stamp of the Recorder of Deeds on the third page of the judgment reflecting that it was recorded with the Recorder of Deeds on April 1, 2015. *See* Claim 2-1, at 5-7.  D.C. Code § 15-102(a)(1) provides in relevant part:

> Each final judgment . . . for the payment of money rendered in . . . the Superior Court of the District of Columbia, from the date such judgment or decree is filed and recorded in the office of the Recorder of Deeds of the District of Columbia, . . . shall constitute a lien on all the freehold and leasehold estates, legal and equitable, of the defendants bound by such judgment . . . in any land, tenements, or hereditaments in the District of Columbia, whether the estates are in possession or are reversions or remainders, vested or contingent.

The debtor has not challenged the genuineness of this exhibit.  Absent any evidence to the contrary, the recordation of the judgment lien in the District of Columbia establishes that under D.C. Code § 15-102(a), the Hellers' judgment constituted a

---

[1] The proof of claim is attached to the debtor's objection as Exhibit A.

lien on the debtor's real property prior to the commencement of the debtor's bankruptcy case in 2018. Accordingly, the Hellers held a lien against the against the debtor's real property.

II

The Hellers assert that the debtor is limited to a $15,000 exemption for his personal residence. Their opposition to the objection to their claim (Dkt. No. 47) states that "[i]n his Schedule C, Debtor sought to exempt the Premises under 11 U.S.C. §§ 522(b)(2) and (b)(3)." That simply is not the case; on his Schedule C, the debtor elected to take exemptions only under § 522(b)(3) (an election to take state and federal nonbankruptcy exemptions). It is thus irrelevant that if the debtor had elected to take exemptions under § 522(b)(2), the exemption allowed under § 522(d)(1) as to a personal residence would have been limited to $15,000.00.

III

The debtor scheduled more than $500,000 as his estimate to the equity in his residence after taking account of a first deed of trust and a second deed of trust. He claimed the entirety of that equity as exempt, based on D.C. Code § 15-101(a)(14), which provides:

> § 15-501. Exempt property of householder; property in transitu; debt for wages.
> (a) The following property of the head of a family or householder residing in the District of Columbia, or of a person who earns the major portion of his livelihood in the District of Columbia, being the head of a family

>    or householder, regardless of his place of residence, is
>    free and exempt from distraint, attachment, levy, or
>    seizure and sale on execution or decree of any court in
>    the District of Columbia:
>    . . .
>         (14) the debtor's aggregate interest in real
>    property used as the residence of the debtor, or property
>    that the debtor or a dependent of the debtor in a
>    cooperative that owns property that the debtor or a
>    dependent of the debtor uses as a residence, or in a
>    burial plot for the debtor or dependent of the debtor,
>    except nothing relative to these exemptions shall impair
>    the following debt instruments on real property: deed of
>    trust, mortgage, mechanic's lien, or tax lien[.]  . . .

The Hellers did not timely object under 11 U.S.C. § 522(l) and Fed. R. Bankr. P. 4003(b)(1) to the debtor's exemption claims, and the debtor's interest in his personal residence became exempt.  However, under Fed. R. Bankr. P. 4003(d), the Hellers are entitled to challenge the validity of the exemption if the debtor seeks to avoid their lien under 11 U.S.C. § 522(f)(1)(A).

As noted above, under D.C. Code § 15-102(a), a judgment, upon being recorded with the Recorder of Deeds, constitutes a lien on the defendant's real property.  A judgment lien, however, is not among the debt instruments ("deed of trust, mortgage, mechanic's lien, or tax lien") excepted by the ending clause of § 15-501(a)(14) from being impaired by the exemptions set forth in § 15-501(a)(14).

The debtor's exemption of the property and the bar in D.C. Code § 15-501(a)(14) against enforceability of the judgment lien against the exempted property notwithstanding, a provision of the

4

Bankruptcy Code, 11 U.S.C. § 522(c), requires that, unless the Hellers' judgment lien is avoided, it must remain enforceable. In relevant part, § 522(c) provides:

> Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case, except—
> . . . .
> (2) a debt secured by a lien that is—
>     (A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and
>     (ii) not void under section 506(d) of this title[.]
> . . . .

Accordingly, the debtor's residence remains liable for the debt owed to the Hellers because the debt is secured by their judgment lien:

- which, within the language of § 522(c)(2)(A)(i), has not been "avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title," and

- which, within the language of § 522(c)(2)(A)(ii), is "not void under section 506(d) of this title" because, after taking account of a first deed of trust and a second deed of trust, there is equity, to which the judgment lien attached, in the residence.

Section 522(c)(2)(A) thus requires that the exempted residence remain liable for the debt secured by the Hellers' judgment lien

unless and until the judgment lien is avoided pursuant to an avoidance power specified in § 522(c)(2)(A)(i).

If the debtor attempts to avoid the Hellers' judgment lien under 11 U.S.C. § 522(f) on the basis that the judgment lien impairs the debtor's exemption of the residence, the Hellers will be entitled under Fed. R. Bankr. P. 4003(d) to challenge the validity of the exemption. This right of a lienor to raise a challenge to the validity of an exemption as a defense to a motion for lien avoidance is one reason why it makes sense that § 522(c)(2) provides that unless a lien is avoided, the lien remains enforceable, despite the general bar in § 522(c) against enforcement of debts against exempt property. If, however, the lien is never avoided in the bankruptcy case, § 522(c)(2) literally mandates that, despite the exemption of the residence from the bankruptcy estate, the property is liable for the lien during and after the bankruptcy case.

After the closing of the case, an issue would arise whether the debtor could, in state court, claim the property as exempt under D.C. Code § 15-501(a)(14) and successfully defend against enforcement of the judgment lien based on the bar against enforceability in D.C. Code § 15-501(a), not based on the general bar of 11 U.S.C. § 522(c) against enforecability against property exempted under § 522. The issue here, however, is whether the lien remains enforceable during the pendency of the case. Under

11 U.S.C. § 522(c)(2), the judgment lien, unless avoided, remains enforceable during the pendency of the bankruptcy case. The Hellers' claim can not be disallowed as a secured claim only on the basis of the property having been exempted under § 522 pursuant to an invocation of D.C. Code § 15-501(a)(14).

### IV

The Hellers recognize that the debtor could attempt to avoid their judgment lien by invoking 11 U.S.C. § 522(f)(1)(A), and raise arguments as to why the exemption of the property would not be effective against their judgment lien. Although the debtor has not sought to avoid the lien, I will offer my preliminary views as to the Hellers' arguments.

### A.

The Hellers recognize that by reason of D.C. Code § 15-501(a), the debtor's exempted equity "is free and exempt from distraint, attachment, levy, or seizure and sale on execution or decree of any court in the District of Columbia." However, the Hellers note that under D.C. Code § 15-102(b), "liens created as provided by this section [*i.e.*, judgment liens] continue as long as the judgment, decree, or recognizance is in force or until it is satisfied or discharged." They argue that if the District of Columbia intended that D.C. Code § 15-102(b) not apply to judicial liens on personal residences claimed to be exempt under D.C. Code § 15-501(a)(14), it would have provided for an express

exception in that regard in § 15-102(b). They further contend that "the judgment lien rides through this bankruptcy proceeding and remains a lien against the Premises to be repaid at such time as Debtor either sells, transfers or refinances the Premises, or dies." They then argue:

> The filing of Creditors' claim is not the same as an effort or action for "distraint, attachment, levy, or seizure and sale on execution or decree of any court in the District of Columbia." These terms have legal definitions which must be recognized. There is no motion or application pending for such an action. The cited statute would prohibit the granting of such a motion or application, had one been filed.

Finally, they add "that a principal residence can change from time to time, further underscoring the reasonableness and validity of the position advanced by Creditor [sic] in opposition to Debtor's motion."

### B.

The Hellers' arguments are creative ones, but they must be rejected. First, the argument regarding D.C. Code § 15-102(b) as creating an exception to § 15-501(a)(14) is unpersuasive. Section 15-102(b) does not purport to alter the debtor's right to exempt from property of the estate property subject to a judicial lien. Once property is claimed exempt under § 15-501(a), that provision generally makes such property "free and exempt from distraint, attachment, levy, or seizure and sale on execution or decree of any court in the District of Columbia." An express exception to that general rule is the provision in § 15-

8

501(a)(14) that any "deed of trust, mortgage, mechanic's lien, or tax lien" against real property exempted under § 15-501(a)(14) remains unimpaired by that exemption.  Significantly, § 15-501(a)(14) does extend that exception to judicial liens.  It was not necessary for § 15-501(a)(14) to state the obvious, namely, that as to property exempted under that provision, judicial liens *are* impaired by reason of § 15-501(a)'s protection making exempt property generally "free and exempt from distraint, attachment, levy, or seizure and sale on execution or decree of any court in the District of Columbia."  As the specific provision addressing the effect of an exemption of real property that is a residence of the debtor, § 15-501(a)(14) controls, and § 15-102(b) does not alter § 15-501(a)(14).

C.

The Hellers' next argument appears to be that by reason of § 15-102(b), the lien against the residence is enforceable at such time as the debtor either sells, transfers or refinances the property, or dies.  Regardless of whether that argument would have any plausibility outside of a bankruptcy case, it has no effect on the debtor's right to avoid the judicial lien under § 522(f)(1)(A).  If the debtor demonstrates that his residence was properly subject to exemption from the estate under § 522, and that the Hellers' debt is not of a kind specified in 11 U.S.C. § 523(a)(5), § 522(f)(1)(A) permits the debtor to avoid

9

the fixing of the judgment lien on that exempt property to the extent that the judgment lien impairs the exemption he claimed. The right to avoid the judicial lien under § 522(f)(1)(A) would be unaffected by what might happen outside of a bankruptcy case as to property exempted under § 15-501(a)(14) when the debtor sells, transfers or refinances the property, or dies.  If § 522(f)(1)(A) is demonstrated to apply, the judicial lien is avoided as a matter of federal law.  When that occurs, § 522(f)(1)(A) trumps the provision in D.C. Code § 15-102(b) that the judgment lien "continue[s] as long as the judgment, decree, or recognizance is in force or until it is satisfied or discharged."  This is because "[w]hile § 522(c) allows states to define their own exemptions under § 522(b), the Bankruptcy Code is not required to take those exemptions with all of the built-in limitations provided by the state exemption." *In re Cunningham*, 513 F.3d 318, 323 fn.10 (1st Cir. 2008) (citing *Owen v. Owen*, 500 U.S. 305, 313–314 (1991)).  Once the lien is avoided, 11 U.S.C. § 522(c) would require that the debt secured by the avoided judgment lien is no longer enforceable against the exempted property.

D.

The Hellers' third argument appears to be that the assertion of their judgment lien as a claim in the bankruptcy case is not the same as subjecting the property, within the meaning of D.C.

Code § 15-501(a), to "distraint, attachment, levy, or seizure and sale on execution or decree of any court in the District of Columbia," and thus the exemption of the property does not protect the exempt property from their asserting their judicial lien as a secured claim in the case.  This argument fails because a property can be claimed exempt from the bankruptcy case despite the failure of the state statute (here, § 15-501(a)) to mention assertion of a claim in a bankruptcy case as an act from which the exempt property is immune.  Such a failure does not make the exempt property subject to assertion of a claim against the property in the bankruptcy case.

   The first step in explaining this conclusion is to note that under 11 U.S.C. § 522(b)(1), upon electing to do so, a debtor is authorized to exempt from property of the estate the property listed in § 522(b)(3).  Under § 522(b)(3)(A), that includes property that is "exempt under . . . State . . . law," based on whatever is the applicable State law.  (The Hellers do not contend that District of Columbia law is not the applicable State law under § 522(b)(3)(A).)

   The next step is to recognize that the language in § 522(b)(3)(A) allowing exemption of property that is "exempt under . . . State . . . law" obviously means that the debtor may exempt from the bankruptcy estate property that is exempt from process under such applicable state law.  This is made evident by

11

§ 522(b)(3)(B), which allows a debtor to exempt her interest as a tenant by the entirety to the extent that such interest "is exempt from process under applicable nonbankruptcy law." (Sometimes tenancy by the entirety property is *not* exempt from process under applicable nonbankruptcy law, as in the case of process to collect a joint debt owed by both spouses.) A property may be exempted from a bankruptcy estate so long a state law provision exempts the property from the reach of state law debt collection process.

Finally, once a property is claimed exempt in the bankruptcy case pursuant to an applicable state law exemption provision, it is federal law (§ 522(c)), not anything expressed or not expressed in the state exemption statute, that properly controls whether an exempted property remains liable during the case for a particular debt. The exemptibility of property from the estate is unaltered by any failure of the applicable state exemption statute to mention exempting the property from claims in the bankruptcy estate. As in the case of exemptions claimed under § 522(d), which fails to make any mention of exempting the property from claims in the bankruptcy case, it is § 522(c), not the particular exemption provision invoked, that controls whether the exempted property remains subject to liability for a

particular debt.[2]  It is therefore irrelevant that D.C. Code § 15-501(a) mentions only exempting exempt property from "distraint, attachment, levy, or seizure and sale on execution or decree of any court in the District of Columbia" and does not address the federal question of whether a debt may be collected from the exempt property in the bankruptcy case.

E.

The Hellers further suggest that their position is reasonable because "a principal residence can change from time to time."  However, that a debtor could change her principal residence does not alter her right to exempt the property which served as her principal residence as of the petition date, for "[a] debtor's exemptions have long been fixed at 'the date of the filing of the [bankruptcy] petition.'"  *Wilson v. Rigby*, 909 F.3d 306, 308 (9th Cir. 2018) (quoting *White v. Stump*, 266 U.S. 310, 313 (1924)) (alteration in original).  Accordingly, the debtor's entitlement to exempt the property which he has claimed as his

---

[2] The foregoing is particularly evident in the case of District of Columbia exemptions, which were generally designed to allow the debtor to fare as well as or better than would be the case if the debtor had claimed exemptions under 11 U.S.C. § 522(d) pursuant to an election to claim exemptions under that provision.  As noted in *Howell-Robinson v. Albert*, 384 B.R. 19, 22 (D.D.C. 2008), the legislative history to D.C. Code § 15-501(a) includes a D.C. Council report, which "states that the 'Committee adopts several exemptions from the United States Bankruptcy Code (11 U.S.C. § 522(d)).  The purposes are to make the list of exemptions in the District's bankruptcy statute more generous for the debtor and to modernize the District's bankruptcy exemptions.'"

principal residence (and avoid judicial liens impairing his exemption pursuant to 11 U.S.C. 522(f)) is dependent on his entitlement to do so as of the petition date, regardless of whether the debtor's principal resident changes subsequently.

The Hellers appear to claim that it would be an untoward result for the debtor to have treated the property as exempt if he were later to change his principal residence.  However, that is irrelevant under the Bankruptcy Code with respect to whether the property could be exempted and the judicial lien avoided in order to permit the debtor to obtain a disallowance of the claim as a secured claim for purposes of plan confirmation and for purposes of distributions by the trustee to the Hellers under a confirmed plan on that claim as an unsecured claim.

Moreover, under 11 U.S.C. § 349(b)(1)(B), dismissal of the case "reinstates 'any transfer avoided under section 522....'" *In re Phillips*, 553 B.R. 536, 545 (Bankr. E.D.N.C. 2016).  Thus, if the debtor changes his principal residence and his case is later dismissed, the avoidance of the Hellers' judicial lien would not survive the case's dismissal.

Some courts have held that to avoid the frustration the purpose of § 349(b)(1)(B), avoidance of a judicial lien ought not be effective immediately for purposes of the land records, and must await the debtor's obtaining a discharge, or at least the

14

debtor's completing the chapter 13 plan.[3]  Other courts, however, have held that judicial lien avoidance under § 522(f) is immediate and not dependent on a discharge or completion of plan payments.[4]  This court has not yet had occasion to address this issue, and for purposes of the objection to the Hellers' claim, it will not be necessary to address the issue.  Even if an avoidance of the Hellers' lien should not be immediately effective for purposes of the land records, such avoidance should be effective immediately for purposes of whether the Hellers' claim is treated as a secured claim under any confirmed Chapter 13 plan.  *See In re Petersen*, 561 B.R. at 792-93 (allowing lien avoidance to be immediately effective for plan confirmation purposes even though not immediately effective for purposes of the land records).  In any event, regardless of when any avoidance of the Hellers' lien would be effective, that "a

---

[3] *See In re Petersen*, 561 B.R. 788, 792-93 (Bankr. D. Utah 2016)(requiring completion of chapter 13 plan payments); *In re Harris*, 482 B.R. 899 (Bankr. N.D. Ill. 2012) (requiring discharge); *In re Prince*, 236 B.R. 746 (Bankr. N.D. Okla. 1999) (preventing entry of judicial lien avoidance in the records until discharge "in order to ensure that the operation of § 349(b)(1)(B) is not impaired").

[4] *See In re Mulder*, No. 810-74217-reg., 2010 WL 4286174 (Bankr. E.D.N.Y. Oct. 26, 2010); *In re Ferrante*, No. 09-13098/JHW, 2009 WL 2971306, at *5 (Bankr. D.N.J. Sept. 10, 2009) (concerns about potential abuse of § 522(f) "do not overcome the statutory framework by which property exempted by the debtor without timely objection is exempt and available for the debtor's use, either in a Chapter 7 or Chapter 13 case, without regard to the issuance of a discharge").

principal residence can change from time to time" is irrelevant to whether the debtor may exempt his principal residence and invoke § 522(f) to avoid the lien.

V

As demonstrated above, the debtor's equity in his personal residence appears to have been exemptible from the estate. The next question is whether, under § 522(f)(1)(A), the Hellers' judgment lien is avoidable. With an exception of no apparent relevance here,[5] a lien may be avoided under § 522(f)(1)(A) if "(1) there was a fixing of a lien on an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien." *See In re Wilding*, 475 F.3d 428, 431 (1st Cir. 2007) (citing *Culver, LLC v. Chiu (In re Chiu)*, 304 F.3d 905, 908 (9th Cir. 2002)).

There is no dispute that the Hellers' lien is a judgment lien. Of the remaining two issues, the first is whether the attachment of the judgment lien to the debtor's personal residence was, within the meaning of § 522(f)(1), "the fixing of a lien on an interest of the debtor in property." The Hellers recovered their judgment on March 17, 2015. The proofs of claim

---

[5] The Hellers, who both recovered the judgment, do not contend that the judgment lien is for a domestic support obligation, and therefore nondischargeable under 11 U.S.C. § 523(a)(5) and not subject to avoidance under § 522(f)(1).

16

in the case reflect that the debtor granted a mortgage on his personal interest at least as early as 2007, and it is possible that he owned his personal residence when the Hellers recorded their judgment lien. If the debtor already owned his personal residence when the Hellers recorded their judgment with the Recorder of Deeds, the attachment of the Hellers' judgment lien to the debtor's personal residence was "the fixing of a lien on an interest of the debtor in property."[6]

As to the remaining issue, the Hellers' lien, at least on the current evidentiary record and arguments, impairs an exemption to which the debtor was entitled. The Hellers argue that the judgment lien (for $124,885.72, plus postjudgment interest and costs) does not impair the exemption because the exemption is limited to $15,000.00. That would be true if the debtor had elected exemptions available under § 522(b)(2) and

---

[6] If the debtor did not own his interest in the property when the judgment was recorded, that would present a different issue regarding how courts should interpret *Farrey v. Sanderfoot*, 500 U.S. 291, 297-98 (1991) (holding that, at least in the context of a property interest simultaneously acquired and subjected to a lien by way of a divorce decree, the debtor must have had an interest in the property before the lien attached to take advantage of § 522(f)). *Compare Marine Midland Bank v. Scarpino (In re Scarpino)*, 113 F.3d 338, 340-42 (2d Cir. 1997) (debtor not entitled to avoid judicial lien because, under New York law, lien attached at same time debtor acquired property); and *Pederson v. Pederson (In re Pederson)*, 230 B.R. 158 (9th Cir. B.A.P. 1999) (holding similarly under California law), *with In re Anderson*, 496 B.R. 812, 815-18 (Bankr. E.D. La. 2013) (distinguishing *Farrey* and permitting debtor to avoid lien on after-acquired property); *In re Pacheco*, 342 B.R. 352, 355-57 (Bankr. D.N.M. 2006) (same).

claimed the $15,000 exemption available under § 522(d)(1). However, the debtor elected exemptions available under § 522(b)(3), and then claimed the equity in his residence as exempt under D.C. Code § 15-501(a)(14), which is an unlimited homestead exemption.

As the Hellers note, 11 U.S.C. § 522(f)(2)(A) provides:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
>     (i) the lien;
>     (ii) all other liens on the property; and
>     (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Here, the Hellers' lien, plus the deeds of trust on the property, plus the debtor's exemption of the entire equity in the homestead plainly exceeds the value that the debtor's homestead would have to him in the absence of any liens on the property. Accordingly, under § 522(f)(2), the judgment lien impairs the exemption unless the Hellers could show that the debtor was not entitled to the D.C. Code § 15-501(a)(14) exemption.

VI

The Hellers' judicial lien may be avoidable under 11 U.S.C. § 522(f)(1)(A) despite the arguments that the Hellers have raised. If the lien is avoided, the Hellers' claim ought to be treated as an unsecured claim, and the debtor's objection to the

claim ought to be sustained in that regard. However, it is the debtor's burden to seek to avoid the lien, not the Hellers' burden to anticipate the debtor's attempting to avoid their lien and to demonstrate that avoidance is unavailable. The debtor has not filed a motion under Fed. R. Bankr. P. 4003(d) seeking to avoid the Hellers' lien, and if the debtor filed such a motion, the burden would fall on the debtor to establish that it is avoidable, not on the Hellers to demonstrate that the lien is not avoidable. I will hold ruling on the debtor's objection to the Hellers' claim in abeyance pending the debtor's having an opportunity to pursue a motion to avoid the Hellers' lien.

## VII

In accordance with the foregoing, it is

ORDERED that the judicial lien of James and Debbie Heller against the debtor's personal residence will remain an allowed secured claim unless and until the debtor avoids that judicial lien. It is further

ORDERED that the court defers entering an order sustaining or overruling the debtor's objection to the Hellers' claim as a secured claim pending the disposition of any motion the debtor files within 14 days after entry of this order seeking to avoid the lien, and if the debtor fails timely to file such a motion, the court will overrule the objection to the Hellers' claim (but

without prejudice to a renewed objection to claim if the judicial lien is later avoided).

                                                [Signed and dated above.]

Copies to: E-recipients of orders.